UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**STEPHEN PETERS ET AL**            **CASE NO. 2:22-CV-02936**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**            **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (Doc. 14) filed by Scottsdale Insurance Company ("Scottsdale"), wherein Scottsdale moves to dismiss the instant lawsuit with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

## INTRODUCTION

On August 27, 202, Hurricane Laura made landfall and on October 9, 2020, Hurricane Delta made landfall. During the relevant time period, Scottsdale insured Plaintiffs' property. On August 19, 2022, Plaintiffs filed a claim with Scottsdale as a result of damages caused by the Hurricanes. In this lawsuit, Plaintiffs allege that Scottsdale failed to properly and timely adjust their claim.

In the usual course of proceedings for the Court's Hurricane cases, this matter proceeded pursuant to the Case Management Order ("CMO"). Following the Informal Settlement Conference, mediation was scheduled before Joel Davis on May 23, 2023. During that mediation, Ms. Peters appeared by telephone, to which Scottsdale objected based on the CMO requiring that parties to the mediation be in person. Despite the objection, Judge Davis (retired) continued with the mediation.

Scottsdale asserts that after 5 hours of mediation, the case was amicably resolved; however, due to Ms. Peter's absence, Scottsdale agreed to hold the offer open for three (3) days for Plaintiff's counsel to verify Ms. Peter's consent.

Scottsdale reached out to Plaintiff's counsel twice with no resolution as to the consent of Ms. Peters.[1]  Thereafter, Judge Davis inquired of counsel for Plaintiff as to the status of the case and was informed that said counsel would be filing a Motion to Withdraw.[2] The Magistrate Judge set a telephone conference as to the Motion to Withdraw. The day before the conference, the Magistrate Judge contacted Plaintiff's counsel to determine if both Plaintiffs would be participating in the telephone conference; she was informed that counsel was unable to contact Ms. Peters. Consequently, the Magistrate Judge cancelled the conference and issued an Order that required Plaintiffs to sign an attached Notice in order for the Court to grant the Motion to Withdraw.[3] No notice has been filed in the record and the Motion to Withdraw was stricken from the record due to Plaintiffs' failure to sign the Notice.[4]

On October 17, 2023, Judge Davis requested dates from the parties to continue the suspended mediation.[5] Only Scottsdale responded. Judge Davis again requested dates. Scottsdale responded with its availability, and Plaintiffs' counsel advised that Ms. Peters

---

[1] Defendant's exhibit F.
[2] Defendant's exhibit G.
[3] Defendant's exhibit I; Doc. 13.
[4] Doc. 16.
[5] Defendant's exhibit J.

refused to participate.[6] There have been no further communication between the parties and Judge Davis.

## LAW AND ANALYSIS

Scottsdale moves to dismiss the instant lawsuit with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Order, specifically, the CMO.

The authority to dismiss an action under Rule 41(b) is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 320-21 (5th Cir. 1982).

The Fifth Circuit has found the dismissal of a Plaintiff who fails to follow a CMO to be proper where (1) "there is 'a clear record of delay or contumacious conduct by the plaintiff" and (2) "lesser sanctions would not have 'serve[d] the best interests of justice.'" *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 359, 360 (5th Cir. 2020) (quoting *In re Deepwater Horizon (Barrera)*, 907 F.3d 232, 235, 236 (5th Cir. 2018).

Here, Scottsdale argues that Ms. Peter's refusal to comply with the requirements of the CMO warrants dismissal. Scottsdale remarks that it has made every effort to resolve this case but complains that Ms. Peters refuses to participate in those continued efforts required by the CMO. Counsel for Plaintiffs argues that Ms. Peters' refusal to consent to the mediated settlement is her prerogative. While that may be true, Ms. Peters refusal to

---

[6] Defendant's exhibit K.

continue participation in the CMO and litigation of this lawsuit is a direct violation of this Court's Orders.

This lawsuit was filed August 19, 2022, and has not proceeded out of the CMO because the parties were unable to amicably settle the case and because Plaintiffs have failed to continue to participate in the mediation and CMO process. This is evidenced by Ms. Peter's failure to personally appear at the mediation, failure to communicate with the Court and her counsel. As such, the case has not been certified as compliant with the Streamlined Settlement Process of the CMO, to procced to trial. Consequently, the case is becoming stale as we are now approaching year 4 post-hurricane. Defendants have a right to resolution of this dispute. However, the Court is cognizant that Mr. Peters, who has a property right here, personally appeared for the mediation and there have been no complaints as to his lack of participation. Therefore, the Court is hesitant to dismiss the lawsuit. Be that as it may, the Court will order Plaintiffs to attend in person, a second mediation.

## **CONCLUSION**

For the reasons explained herein, the Court will deny Scottsdale's Motion to Dismiss, but will order Plaintiffs, Betty Peters and Stephen Peters to attend a second mediation in person.

**THUS DONE AND SIGNED** in Chambers on this 29th day of January, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**